UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SUNIL GURUNG,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

CAUSE NO. 3:26-CV-704-CCB-SJF

## OPINION AND ORDER

Immigration detainee Sunil Gurung, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondents have answered the petition, and Gurung has filed a reply. ECF 6, ECF 7. The petition is ready to be decided.

## BACKGROUND

Gurung is a citizen of Nepal who entered the United States on June 11, 2014. ECF 6-1 at 12-14. On July 28, 2014, an immigration judge ordered him removed to Nepal. *Id.* at 15. During this initial period of post-removal order detention, Gurung completed a travel document application for Nepal, but removal efforts were unsuccessful. ECF 1 at 5. On February 26, 2015, Immigration and Customs Enforcement (ICE) released him on conditions of supervision "due to the inability to obtain a travel document." ECF 6-1 at 12-14. On September 24, 2025, ICE detained him again, and he is currently held at the Miami Correctional Facility. ECF 6-2.

The respondents rely on an affidavit in which an ICE official attests that the government intends to remove Gurung to Nepal. *Id.* The ICE official further attests that, on April 26, 2026, Gurung completed a request for travel documents for Nepal. *Id.*

<u>SUBJECT MATTER JURISDICTION</u>

The respondents first argue that the court lacks subject matter jurisdiction over Gurung's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

<u>MERITS</u>

Regarding the merits of the petition, the respondents first argue that Gurung's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for Gurung ended more than a decade ago, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Gurung has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

To start, the respondents identify Nepal as the only country under consideration for removal. The government was unable to remove him to Nepal in 2014 and 2015. His immediate period of detention now spans eight months with no indication that the government has taken any measures to execute his removal to Nepal. The court finds that this showing constitutes good reason to believe that there is no significant likelihood of Gurung's removal to Nepal in the reasonably foreseeable future.

To rebut this showing, the respondents offer an attestation that, on April 26, 2026, Gurung completed an application for travel documents from Nepal. This

attestation does not persuade the court that Gurung's removal is likely to occur within the reasonably foreseeable future. It does not explain why the current effort will be successful given the inability to remove Gurung to Nepal in 2014 and 2015. The respondents also do not affirmatively indicate that the government has submitted a formal request for travel documents or that the government is in the process of preparing a formal request. Nor do they explain the basis for any delay in submitting such a request. Additionally, they provide no insight into when Nepal might respond to the request or the likelihood that Nepal will issue travel documents. Consequently, the court finds that the respondents have not adequately demonstrated that Gurung's removal to Nepal is reasonably foreseeable. Therefore, the respondents must release Gurung.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and **ORDERS** the respondents to release Sunil Gurung on the same conditions of supervised release and to certify compliance with this order by filing a notice with the court by **June 15, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on June 11, 2026.

 /s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

4